WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Ginny Garner, et al.,

Plaintiffs,

v.

County of Cochise, et al.,

Defendants.

No. CV-26-00607-TUC-SHR

**ORDER**

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). Plaintiffs seek to enjoin hearings, inspections, daily fines, liens, and physical abatement concerning their residential property under Cochise County Code Enforcement Case No. 26-001322. (*Id.* at 3.) Also pending before the Court are Plaintiffs' Applications to Proceed In Forma Pauperis (IFP) (Docs. 3, 4).

## I. IFP Applications

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal

quotation marks omitted).

Plaintiffs have submitted IFP applications stating under penalty of perjury they are financially unable to pay the filing fee. (Docs. 3, 4.) Having reviewed the applications, the Court finds each Plaintiff has demonstrated an inability to pay the filing fee. The Court will therefore grant both applications.

**II. Motion for Temporary Restraining Order and Preliminary Injunction**

A Temporary Restraining Order (TRO) is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a TRO must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. When the government is a party, the last two of the four factors—the balance of the equities and the public interest—merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). The first factor, likelihood of success on the merits, is "the most important" *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc)). Under the Ninth Circuit's alternative formulation, serious questions going to the merits and a balance of hardships tipping sharply toward the plaintiff may support relief, provided the plaintiff also establishes likely irreparable injury and an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). A possibility of irreparable injury is insufficient. *Id.* at 1131.

On the present record, Plaintiffs have not made the showing necessary to warrant immediate temporary relief. Although Plaintiffs allege serious potential consequences from the challenged enforcement proceedings, including physical abatement of their residential property and displacement from their home, the present submissions do not sufficiently establish irreparable injury is likely to occur pending expedited consideration of the preliminary-injunction request. In particular, Plaintiffs have not identified a

scheduled abatement, removal, displacement, or other sufficiently concrete impending enforcement action demonstrating the need for an immediate restraining order. The Court does not require Plaintiffs to await actual injury; rather, they must substantiate the likelihood and immediacy of the threatened harm.

The Court has also considered Plaintiffs' allegations of continuing daily fines and retaliatory enforcement. Even assuming those fines continue to accrue, Plaintiffs have not sufficiently shown the additional accrual of fines pending expedited consideration will cause injury that cannot adequately be remedied through subsequent relief. And, although an ongoing First Amendment violation may itself constitute irreparable injury, *see Klein v. City of San Clemente*, 584 F.3d 1196, 1207–08 (9th Cir. 2009), here, for purposes of the present TRO request, the alleged supervisory involvement, restriction on extensions, disparate enforcement, and sequence of events do not sufficiently demonstrate a likelihood of ongoing unconstitutional retaliation warranting immediate relief.

Because Plaintiffs have failed to establish immediate, likely irreparable injury, the Court need not resolve the remaining *Winter* factors to deny the TRO request. *See Cottrell*, 632 F.3d at 1135 (holding the serious-questions formulation does not dispense with the requirement of likely irreparable harm). The Court will deny the request for a TRO without prejudice and set a briefing schedule on the request for a preliminary injunction. Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' IFP Applications (Docs. 3, 4) are **GRANTED**.
2. Plaintiffs' Motion for TRO and Preliminary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE** to the extent it seeks a TRO. The request for a preliminary injunction remains pending.
3. By **Tuesday, December 1, 2026**, Plaintiffs shall transmit a copy of this Order, the Complaint, and supporting exhibits (Doc. 1) and their Motion for TRO and Preliminary Injunction (Doc. 2) to each Defendant named in the Complaint or to any attorney known to represent that Defendant in this action. Plaintiffs shall also

transmit those materials to the Cochise County Attorney's Office, Civil Division. Plaintiffs shall promptly file a notice identifying the recipients, date, and method of transmission. This transmission does not substitute for service of process under Federal Rule of Civil Procedure 4.

4. Provided they receive the materials identified in paragraph 3 by December 1, 2026, Defendants shall file a response to Plaintiffs' request for a preliminary injunction by **Tuesday, December 8, 2026**. The response may address any threshold procedural or jurisdictional objections.
5. Plaintiffs may file a reply by **Friday, December 11, 2026**.
6. The Court will determine whether a hearing is necessary after reviewing the briefing.

Dated this 23rd day of November, 2026.

